the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

SARAH GORDON, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

ROSE MARIE GORDON, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

JULIUS STERN, Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

BECKY STERN, Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

ELI STERN, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.— As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

JOHN MACOMBER, Respondent, v. JOHN PRATT, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of negligence on the part of the defendant is against the weight of the evidence. All concur, Thompson, J., not sitting.

HEDGER TRANSPORTATION COMPANY, INC., Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant, and Another, Defendant.*— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event on the grounds: (1) That the evidence was insufficient to establish a cause of action against the appellant, and (2) that the court erred in refusing

* Affd., 264 N. Y. ——.